BEECH CINEMA, INC.; Twin Beech Cinema, Inc.; Kisco Cinema, Inc.; and Yorktown Heights Theatre, Inc., Plaintiffs,

v.

TWENTIETH CENTURY FOX FILM CORP., and General Cinema Corporation, and General Cinema Corp. of New York, Inc., Defendants.

No. 76 Civ. 4406 (WCC).

United States District Court, S. D. New York.

Aug. 2, 1979.

Kaufman & Kaufman, Jon M. Kaufman, New York City (Jon M. Kaufman, Leonard Kaufman, New York City, of counsel), for plaintiffs.

Rogers & Wells, New York City (Guy C. Quinlan, Peter M. Dugre, Michael Luskin, New York City, of counsel), for defendant Twentieth Century-Fox Film Corp.

## OPINION AND ORDER

CONNER, District Judge:

Upon consideration of defendants' motion for judgment n. o. v., and review of the trial record, the Court concludes that there was sufficient evidence from which the jury might reasonably have inferred the existence of a conspiracy between Twentieth Century-Fox Film Corp. ("Fox") and the other two defendants (collectively "General Cinema") to restrain trade with plaintiffs by refusing to license the exhibition of Fox pictures by plaintiffs, including evidence tending to establish that:

1. Beginning in January 1975, Fox refused to license its pictures to plaintiffs.

2. Fox executives made misstatements to plaintiffs' owner, Ronald Lesser, concerning the reasons for such refusal:

a. In refusing to license YOUNG FRANKENSTEIN, Lesser was told that Fox was licensing only one run for the picture in Northern Westchester, whereas it actually licensed two.

b. In refusing to license TOWERING INFERNO, Lesser was told that Fox was licensing the picture exclusively in Westchester to the Central Plaza Cinema in

Yonkers, whereas it was licensed for a showing shortly thereafter in New Rochelle.

c. In thereafter refusing to license *any* Fox pictures to plaintiffs, Fox executives told Lesser that this decision had been reached because of his failure personally to pay some $7,500 in royalties owed Fox by Mountain Cinemas, a defunct corporation 50% owned by Lesser which had operated several theaters in Sullivan County, New York. However, it was not until at least January 1975 that Fox requested that Lesser personally pay the money owed it by Mountain Cinemas, and not until at least February 1975 that Lesser refused to pay the full amount and offered instead to compromise with Fox, as he had done with other distributors who were owed royalties by Mountain Cinemas.

3. General Cinema, which had exhibited comparatively few Fox films before 1975, thereafter became Fox's biggest exhibitor in the New York metropolitan area.

4. Fox gave General Cinema much more favorable contract terms than it had given plaintiffs, in the respects of higher house allowances for comparable theaters (which substantially reduces the royalties payable, since the house allowance is deducted from the gross revenue before the royalty is computed as a percentage of the balance), and in post-run adjustments of the contract terms where the box office receipts have been disappointing.

5. Fox had a history of entering into multi-picture deals with the major exhibitor circuits such as General Cinema.

Not surprisingly, there is no direct evidence of an agreement between, Fox and General Cinema to deny plaintiffs access to Fox product. But the jury might reasonably have inferred from the foregoing evidence, that Fox and General Cinema reached an understanding that Fox, in order to obtain more business from General Cinema, would deny Fox pictures to its only substantial competitor in Northern Westchester County.

▮ Whether or not the Court would have reached the same conclusion on the same evidence is not the issue on this motion. Instead, the Court must view the evidence in the light most favorable to the party in whose favor the verdict was rendered and determine whether the jury might reasonably have drawn therefrom the inferences it did. *Tennant v. Peoria Pelkin Union Ry. Co.*, 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520 (1944); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 305 (2d Cir. 1979).

Defendants' motion for judgment n. o. v. is denied.

SO ORDERED.